UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ANTHONY ALLEN OLIVER,<br><br>                      Plaintiff,<br>  vs.<br><br>CITY OF OCEANSIDE; FRANK McCOY, individual and as Police Chief; MATTHEW J LYONS, individual and as Police Officer; DOES 1 through 50, inclusive,<br><br>                      Defendants. | CASE NO. 13-cv-2246-LAB<br><br>**ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* BUT DISMISSING CASE WITH LEAVE TO AMEND** |
|---|---|

Plaintiff Anthony Allen Oliver accuses the City of Oceanside and several police officers of violating his civil rights. He also filed a motion to proceed *in forma pauperis* ("IFP") to avoid paying the required $350 civil filing fee. *See* 28 U.S.C. § 1914(a).

A court may permit a plaintiff to proceed IFP if he is unable to pay the filing fee. *See* 28 U.S.C. § 1915(a); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). The plaintiff must submit an "affidavit that includes a statement of all assets [he] possesses" to be considered for IFP status. 28 U.S.C. § 1915(a). Oliver has done that, and the Court finds he has sufficiently shown he is unable to pay the filing fee. The IFP motion is therefore **GRANTED**.

The Court must further review any complaints filed pursuant to the IFP provision and dismiss them if "the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845

(9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."). The Court will do Oliver the favor of considering his First Amended Complaint, filed after his IFP motion. It is clearly the more coherent complaint.[1]

The Court has serious concerns that Oliver's complaint is frivolous, for two reasons.

First, the basic story it tells is hard to piece together and even harder to believe. Oliver claims that he attended one of Jim Wagstaffe's lectures at the Court on July 11, 2012 (even though he is not an attorney) and was later arrested by his parole agent for harassing a police officer (Defendant Matthew Lyons) on his way home to Los Angeles County, on an Amtrak train. From there Oliver recounts a parade of horribles. He was beaten by parole agents and driven around in a state vehicle for hours, while being denied medical treatment for third degree burns he suffered during a nap at the beach. His home was searched unlawfully, to identify the clothing he was wearing on the day in question. He was treated poorly in custody. His accusers never appeared in court to defend the accusations against him. He was ultimately found guilty of traveling without his parole officer's permission on the basis of bank statements that weren't his, and of drinking beer. He was held in a maximum security and further denied medical care. After being released from custody, he was forced to wear a GPS device, which led his roommate to mistake him for a sex offender and push him off of a second-floor balcony.

Second, the exaggerated tone of Mr. Oliver's complaint suggests that is more interested in having fun than pressing legitimate legal claims. For example, he says that while attending the Wagstaffe lecture he was able to meet "the most well-known, professional, and good looking federal judge in the history of our judiciary." He says the

---

[1] The Court notes that Oliver's original complaint says venue is proper "because a substantial amount of the conduct complained of occurred in the County of Los Angeles, State of California." (Compl. at 3.) Crediting this, the case should presumably be transferred to the Central District of California. In his first amended complaint, Oliver says venue is appropriate here "because the injuries to said Plaintiff occurred herein and further because the Defendants are believed to reside in this district." (FAC at 2.) Certainly, the City of Oceanside and the individual defendants are located in the Southern District of California, which make venue proper here under 28 U.S.C. § 1391(b)(1). Under § 1931(b)(2), however, which looks to where "a substantial part of the events or omissions giving rise to the claim occurred," venue is probably improper here, and proper in the Central District.

lecture "was also entertained by several of the most well-known federal judges in the federal judiciary." He also assumes the tone of a storyteller in parts: "The Defendants stories continued to change faster, then the pages in the book turns."

The frivolity of Mr. Oliver's complaint is also made apparent by the claims he asserts. Some make enough sense based on the facts alleged—for example, § 1983 claims for violations of various constitutional rights—but others make no sense at all—for example, claims for interference with contractual relations and violations of California Business and Professions Code § 17200. Additionally, Mr. Oliver asserts a *Monell* claim against all Defendants, when in fact *Monell* allows only for municipal liability. Mr. Oliver further misunderstands the difference between suing an officer in his official and independent capacity. If the factual allegations of Mr. Oliver's complaint are true, and the officers violated his constitutional rights in a manner not authorized by state or local law, then only suits against them in their individual capacities are proper.

Mr. Oliver's complaint is **DISMISSED WITHOUT PREJUDICE** as frivolous and for failing to properly state some of the claims alleged. Within two weeks of the date this Order is entered, Mr. Oliver may file an amended complaint that address the deficiencies. Mr. Oliver is advised that his amended complaint should contain a brief, non-embellished version of the facts, followed by a concise statement of his claims that links back to the facts alleged. If, on a second review, the Court senses against that Mr. Oliver's complaint is fundamentally unserious it will dismiss his claims without prejudice but without leave to amend. Having made conflicting allegations as to venue, Mr. Oliver should also consider whether he wants to litigate this case in the Southern District of California as opposed to the Central District.

**IT IS SO ORDERED**.

DATED: November 25, 2013

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge